UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LORI STEPHENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:17-cv-8 |
| | ) |
| HOOK-SUPERX, LLC d/b/a CVS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lori Stephenson (hereinafter "Stephenson" or "Plaintiff"), by counsel, for her cause of action against Defendant, Hook-SupeRx, LLC doing business as CVS, alleges and states as follows:

**I. Nature of the Case**

1. Stephenson brings this action pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. Stephenson alleges that Defendant unlawfully discriminated against her due to her disability(s) and/or retaliated against her due to her protected activity. Plaintiff also brings claims under Indiana's Wage Claim Statute.

**II. Parties**

2. At all times relevant to this action, Stephenson resided and worked within the Southern District of Indiana.

3. Defendant is a limited liability company that does business within the Southern District of Indiana.

4. Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A).

5. Stephenson was an "eligible employee" as defined by the ADA, 42 U.S.C. § 12111(4).

6. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

### III. Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §§1331, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

8. Stephenson has satisfied her obligation to exhaust her administrative remedies by timely filing a charge alleging disability discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"). Stephenson has received her *Dismissal and Notice of Rights* and timely files the instant Complaint within ninety (90) days of her receipt thereof.

9. Stephenson's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims thus form a single case and controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen within the jurisdiction of the Southern District

of Indiana.

### IV. Factual Allegations

11. Stephenson suffers from disabilities, including deafness, a physical impairment which substantially limits her in one or more life activities, including her ability to hear; and dwarfism, a physical impairment which substantially limits her in one or more life activities, including her ability to reach and work.

12. Stephenson's impairments are not transitory or minor, and last longer than six months.

13. Throughout Mrs. Stephenson's employment, she met or exceeded all of Defendant's legitimate employment expectations.

14. Ms. Stephenson put Defendant on notice of her disabilities.

15. During the hiring process, Defendant represented to Plaintiff that she would be paid $9.50 an hour and work approximately 25 hours a week.

16. Defendant instead paid Stephenson $9 an hour and scheduled her for less hours than similarly-similarly situated non-disabled employees.

17. Ms. Stephenson requested a reasonable accommodation that she be permitted to use a stool for her disability of dwarfism.

18. Defendant failed to supply Stephenson with a stool as an accommodation, but eventually permitted her to use a stool that she obtained herself.

19. Ms. Stephenson's supervisor proposed that Defendant permit her reasonable accommodations that Defendant obtain a caption phone for her use for her disability of deafness and/or not require her to answer the phone.

20. Defendant failed to enter into an interactive process with Plaintiff regarding these proposed reasonable accommodations, and failed to provide a reasonable accommodation.

21. On or about October 30, 2014, Defendant's store manager told Stephenson that he would obtain a reaching tool to her as an accommodation for her dwarfism.

22. Defendant failed to provide Stephenson with a reaching tool as an accommodation.

23. Instead of providing Stephenson with accommodation(s), Defendant cut her hours because of her disability(s). By way of example, for a period of time Defendant would only schedule Stephenson on Fridays to unload deliveries.

24. Stephenson complained to Defendant that she was being discriminated against. She complained to Defendant's Human Resources ("HR") Department on or about October 23, 2014.

25. Stephenson filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2014.

26. Mrs. Stephenson engaged in protected activity when she requested accommodations due to her disabilities, complained of discrimination to Defendant's HR Department, and filed her charge of discrimination with the EEOC.

27. Defendant imposed discipline upon Stephenson by having her write an eighteen page paper without pay. Similarly-situated non-disabled employees and/or employees who had not engaged in activity protected by the ADA were treated more leniently.

28. Defendant did not increase Stephenson's hours, and continued to give her less hours than similarly-situated non-disabled employees and employees who had not engaged in protected activity.

29. Defendant has discriminated and/or retaliated against Stephenson because of her disability and protected activity by reducing her hours, paying her less, and requiring her to complete tasks without pay.

30. Defendant treated Stephenson less favorably than similarly-situated non-disabled employees and employees who had not engaged in protected activity in the terms and conditions of employment.

31. Stephenson has been harmed by Defendant's conduct.

## V. LEGAL ALLEGATIONS

### COUNT ONE: ADA VIOLATIONS

32. Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33. Stephenson has physical impairments, each of which substantially limited one or more of her major life activities.

34. Defendant failed to provide Stephenson a reasonable accommodation or engage in the interactive process, despite Stephenson' request(s).

35. Defendant could have accommodated Stephenson without hardship.

36. Defendant unlawfully retaliated against Stephenson for making request(s) for accommodation, complaining of discrimination, and filing a charge of discrimination.

37. Defendant's discrimination of and retaliation against Stephenson was done in reckless disregard for Stephenson's federally protected rights.

38. Defendant's actions caused Stephenson both emotional and economic harm.

39.     Defendant's intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### COUNT TWO - WAGE CLAIM

40.     Stephenson hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint herein.

41.     Stephenson earned wages that Defendant has refused to pay.

42.     Defendant has violated Indiana statutes regarding wages, Indiana Code § 22-2-9-2 and 22-2-5-2.

43.     Defendant was not acting in good faith when it failed and refused to pay Stephenson.

44.     Stephenson has been harmed by Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Lori Stephenson, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Enjoin Defendant from future violations of the ADA;

2.     Lost wages, benefits, compensation, and other monetary relief to make her whole;

3.     Liquidated, Compensatory, and Punitive damages;

4.     All costs and attorney's fees incurred as a result of bringing this action;

5.     Pre- and post-judgment interest on all sums recoverable; and

6.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)


*s/ Paul A. Logan*
Paul A. Logan (17661-02)

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
jhaskin@jhaskinlaw.com
plogan@jhaskinlaw.com

Attorneys for Plaintiff, Lori Stephenson

### VII.  DEMAND FOR JURY TRIAL

The Plaintiff, Lori Stephenson, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin